**Elizabeth Shieldkret**
Attorney at Law
67-20 Exeter Street
Forest Hills, NY 11375

Phone: (718) 997-0290
Fax: (718) 997-0291

Email: es@eshieldkret.com
Web: www.eshieldkret.com

March 19, 2019

By ECF

Honorable Analisa Torres
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Kairam v. West Side*
19 Civ. 953 (AT)(SDA)

Dear Judge Torres:

I represent the Plaintiff, Dr. Kairam, in the above-referenced action. I write to seek clarification from the Court concerning the Court's February 27, 2019 Order to Show Cause and to inform the Court of recent developments. Alternately, Plaintiff respectfully requests the Court vacate the Order to Show Cause.

The Court gives no compelling reason, justification, purpose or indication whatsoever why this case warrants an unprecedented departure from the Federal Rules of Civil Procedure,[1] nor why the procedures the Court orders are tailored or appropriate to the unique circumstances of this action. Yet the Order to Show Cause creates burdens for the parties which are not contemplated by the Federal Rules. The Order to Show Cause creates confusion for scheduling because it conflicts with the existing schedule under the Federal Rules. Moreover, the Court states no exigency or other reason for changing the deadlines afforded litigants under the Federal Rules.

Because of the failure of the Court to provide any basis for its decision to issue the Order to Show Cause, there is nothing for an appellate court to review.

Accordingly, Plaintiff seeks the basis for the extraordinary procedure the Court has instituted.

---

[1] The Federal Rules of Civil Procedure are carefully crafted to cover the full panoply of civil litigation scenarios. They are based on the combined experience of a multiplicity of practitioners and judges who comprise the Advisory Committee, the Standing Committee and the Federal Judicial Conference and are then only enacted after the Supreme Court approves them.

1. Clarification: The Authority for the Court's Order

The Court's Order cites no rule, statute or caselaw as authority for the Court's departure from the Federal Rules of Civil Procedure. Under Rule 4, Fed. R. Civ. P., the Plaintiff has the choice of serving the complaint within 90 days of filing or having it dismissed without prejudice. There is no provision which compels the Plaintiff to serve the complaint.[2] Moreover, the Plaintiff has the choice of methods, either traditional service or offering the Defendant the option to voluntarily waive service. The Federal Rules also afford the Defendant a choice about whether to waive service and obtain a substantial extension of time for its response.

The Court offers neither legal authority nor any reason why the circumstances of this case justifies depriving the litigants of these rights and imposing a procedure outside of the Federal Rules. Nor does the Court explain why the procedure should be imposed by Order to Show Cause on an expedited basis. The procedure does not save the parties any expense – in fact it mandates the parties incur expenses they could otherwise avoid under the Federal Rules – and does not confer any benefit on the Court or the parties. The briefing the Court seeks to impose is already contemplated by Rule 12, Fed. R. Civ. P.

The Court's Order purports to find that the Complaint in this action had "identical claims" to an earlier filed action, 18 Civ. 1005. On its face, the complaint contains factual allegations and claims which did not occur until after Plaintiff filed the pleadings in the first action. As just one example, this action contains a claim for retaliation based on actions the Defendant and its counsel took in June 2018 which have continued to present. (Doc. 1, ¶¶ 57, 58). The pleading in the first action was filed in May 2018. It is difficult to understand how the Court can issue an Order to Show Cause based on a finding that the pleading alleges "identical claims." This appears to be a clearly erroneous finding contradicted by the document.

The Federal Rules have been honed over decades to cover a myriad of litigation scenarios, including litigations where the issues of *res judicata* and collateral estoppel arise. Accordingly, Plaintiff respectfully seeks a statement of the specific authority and supporting facts upon which the Court relies and the Court's reasons for modifying the parties' right under the Federal Rules, including the extraordinary measure of issuing an Order to Show Cause to force the Plaintiff to serve the complaint on an expedited basis contrary to the rights conferred by Rule 4, Fed. R. Civ. P., to determine the timing and method of service.

---

[2] There are good reasons for the provisions of Rule 4. For example, the parties may be engaged in settlement negotiations and it is not beneficial to either party for the Defendant to incur the expense of responding to the Complaint. As discussed, *infra*, in this case, the Second Circuit has scheduled a court-mandated mediation for April 12, 2019 – weeks before the deadline to serve the Complaint under Rule 4, Fed. R. Civ. P.

2. Clarification: The Effect of the Court's Order on Rules 12, 15 and 16

The Federal Rules work as an integrated whole and set forth deadlines based on service of a complaint. A Defendant must either answer or move pursuant to Rule 12 within 21 days of being served. Likewise, under Rule 15, Plaintiff has the right to voluntarily amend the pleading within 21 days of Defendant's answer or motion. The Court's obligation to enter a scheduling order under Rule 16 runs from service (or appearance) of the Defendant. The Order to Show Cause creates confusion because it does not address how the parties and Court should proceed with respect to the existing obligations imposed by the Federal Rules.

The Court's briefing schedule is duplicative of the briefing available under Rule 12, Fed. R. Civ. P. Defendants are already free to assert *res judicata* and collateral estoppel as well as any other motion or affirmative defense permitted under the Federal Rules. Are the parties to engage in two sets of briefing, one on the Order to Show Cause and another if Defendant wishes to proffer any other motion under Rule 12?

3. New Developments: The CAMP Mediation

Plaintiff appealed the Court's ruling in the first action. The Second Circuit scheduled a mediation pursuant to its Civil Appeals Mediation Program on April 12, 2019 at 10:30 a.m., two days after the reply is due under the Court's schedule. This means that both parties will be forced to incur expenses – expenses which they may not have otherwise incurred – just before meeting with the trained mediator devoted to resolving the issues.

4. The Court Should Vacate the Order to Show Cause

As the ECF system demonstrates, Plaintiff filed this action prior to the Court's ruling in the first action. As the Court is aware, Plaintiff was required to file an action within 90 days of the issuance of the Right to Sue Letter on November 7, 2018 (Doc. 1, p. 27) and counsel was scheduled to leave the country on January 31, 2019. (18 Civ. 1005, Doc. 95).

Rather than have two sets of parallel briefing (or a longer drawn-out briefing process), it makes sense to have one set of briefing pursuant to Rule 12, Fed. R. Civ. P. Moreover, for the preservation of both the Court's and the parties' resources, that briefing should take place after the CAMP mediation. Accordingly, we respectfully request in the alternative that the Court vacate the Order to Show Cause and allow the parties to brief Defendant's Rule 12 motion (should it decide to bring one) after the mediation.

Respectfully submitted,

Elizabeth Shieldkret

Elizabeth Shieldkret

cc: Counsel of Record
(via ECF)