UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

                     Plaintiff,

-against-

WEST SIDE GI, LLC,

                     Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/2019

19 Civ. 953 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On February 27, 2019, the Court issued an Order to Show Cause ("OSC"), ordering Plaintiff to "show cause in writing why this case should not be dismissed as barred by collateral estoppel and/or res judicata" by March 20, 2019. OSC, ECF No. 4. On March 19, 2019, Plaintiff filed a letter "seek[ing] clarification from the Court concerning the [OSC] and to inform the Court of recent developments." Pl. Let., ECF No. 9. In the alternative, Plaintiff requests that the Court vacate the OSC or stay it until mediation in another case is completed. *Id.*

      Plaintiff complains that the Court's OSC "cites no rule, statute or caselaw as authority for the Court's departure from the Federal Rules of Civil Procedure." Pl. Let. at 2. The Court, however, has the power to issue an order to show cause directing Plaintiff to explain why her action should not be dismissed pursuant to the doctrines of res judicata or collateral estoppel.[1] *See, e.g.*, *Saidin v. United Fed'n of Teachers*, 522 F. Supp. 2d 638, 639 (S.D.N.Y. 2007); *Anghel v. N.Y. State Dep't of Educ.*, No. 15 Civ. 5914, 2016 WL 183540, at *2 (E.D.N.Y. Jan. 14, 2016). A district court may raise these issues *sua sponte* because of "the strong public policy in economizing the use of judicial resources by avoiding relitigation." *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

      With respect to Federal Rule of Civil Procedure 4, Plaintiff argues that she "has the choice of serving the complaint within 90 days of filing or having it dismissed without prejudice," Pl. Let. at 2, and that the OSC conflicts with this choice. At the outset, the Court notes that nothing in the OSC prohibits Plaintiff from voluntarily dismissing her complaint. Moreover, although Plaintiff argues that "[t]here is no provision which compels [] Plaintiff to serve the complaint," *id.*, Rule 4(m) explicitly states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action." To the extent that Plaintiff requires additional time to serve Defendant with the summons and complaint, she may request such an extension in a letter to the Court. Additionally, to the extent that Defendant

---

[1] Plaintiff states that she was required to file this action within 90 days of the issuance of a right to sue letter. Pl. Let. at 3. The Court's order in Plaintiff's first action against Defendant dismissing her claims, however, was not based on Plaintiff's failure to exhaust administrative remedies. *See Kairam v. West Side GI LLC*, No. 18 Civ. 1005 (S.D.N.Y. Jan 31, 2019), ECF No. 93. Rather, it dismissed Plaintiff's claims on the merits. Therefore, the fact that Plaintiff has now obtained a right to sue letter does not allow Plaintiff to relitigate claims that have already been decided against her.

requires an extension of time to answer or otherwise respond to the complaint once it is served, it is free to seek such leave of the Court.

Plaintiff has now filed three apparently duplicative lawsuits regarding her membership agreement with Defendant. *See Kairam v. West Side GI LLC*, No. 18 Civ. 1005 (S.D.N.Y. Feb. 5, 2018); *Kairam v. West Side GI LLC*, No. 19 Civ. 953 (S.D.N.Y. Jan. 31, 2019); *Kairam v. Physician's Endoscopy, LLC*, No. 19 Civ. 969 (S.D.N.Y. Jan. 31, 2019). "With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994). The Court, therefore, had authority to issue the OSC and to order Plaintiff to show cause why the action should not be dismissed as barred by collateral estoppel and/or res judicata.

Plaintiff's alternative request to vacate or stay the Court's OSC is DENIED.

SO ORDERED.

Dated: March 20, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge