```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
INDIRA KAIRAM, M.D.,

                        Plaintiff,

       -against-                                    19 Civ. 953 (AT)

WEST SIDE GI, LLC,                                  ORDER

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/2020

ANALISA TORRES, District Judge:

Plaintiff, Indira Kairam, M.D., brings this action raising a variety of federal and state claims arising from her purchase of a 2.65% interest in Defendant, West Side GI, LLC ("WSGI"), the owner of an ambulatory surgery center in Manhattan. Compl. ¶¶ 3, 8–9, ECF No. 1. Plaintiff alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d), the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 296, the New York City Human Rights Law § 8-107, and New York Labor Law § 198, in addition to breach of contract, fraud, deceptive business practices, and unfair competition and tortious interference. Compl. ¶ 3. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. § 2201. *Id.* Defendant moves to dismiss this action on various grounds, including, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as duplicative of *Kairam, M.D. v. West Side GI, LLC*, 18 Civ. 1005 (S.D.N.Y.), which is also before this Court. ECF No. 36. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

I.    Factual Background[1]

The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015). Plaintiff is a 67-year old board-certified internal medicine physician originally from India. Compl. ¶ 6. Defendant, a New York limited liability company, owns and operates West Side GI, an ambulatory surgical center for endoscopic procedures located in Manhattan. *Id.* ¶¶ 3, 8.

On October 30, 2014, Plaintiff executed a membership subscription agreement and paid $528,121.15 to purchase a 2.65% interest in Defendant (the "Agreement"). *Id.* ¶ 9. This amount reflects a rate of "$199,291 for each percent ('unit') of WSGI purchased." *Id.* During negotiations, "Dr. Peter Distler and Jordan Fowler of WSGI represented that the [purchase] price was related to the financials of WSGI. [Plaintiff] wanted to purchase more units. Dr. Distler and Mr. Fowler represented that the units were related to the proportion of cases she was performing and that they would only sell her units in proportion to her work." *Id.* ¶ 10.

In the autumn of 2016, WSGI underwent an independent appraisal as part of an acquisition of another doctor's practice. *Id.* ¶ 14. Plaintiff claims that WSGI units were valued at approximately $100,000 per unit. *Id.* Plaintiff discussed the independent valuation with WSGI's board members and the board members "agreed that in light of the facts, [Plaintiff] had been overcharged for her interest." *Id.* ¶ 15. Plaintiff claims that the board members and Plaintiff agreed that her "units should be increased to reflect the purchase price at the proper

---

[1] The Court presumes familiarity with the facts as set forth in *Kairam v. W. Side GI, LLC*, No. 18 Civ. 1005, 2018 WL 6717280, at *1–2 (S.D.N.Y. Nov. 9, 2018), *report and recommendation adopted*, No. 18 Civ. 1005, 2019 WL 396573 (S.D.N.Y. Jan. 31, 2019), *aff'd in part, vacated in part, remanded*, 793 F. App'x 23 (2d Cir. 2019), and, therefore, sets them forth only briefly here.

valuation." *Id.* Plaintiff alleges, however, that board members "never intended to increase [her] units when it made the agreement." *Id.* ¶ 15.

Prior to purchasing her interest in WSGI, and beginning to perform procedures at WSGI, Plaintiff performed endoscopic procedures in her New York office, "a competing [ambulatory surgical center]," which was fully accredited. *Id.* ¶¶ 9, 18, 98. Plaintiff states that for four to six months following the start of her relationship with Defendant, she was in a "transition period," while she obtained accreditation from the New York State Department of Health. *Id.* ¶ 19. Defendant promised to compensate Plaintiff for money lost during the transition period as a result of her performing endoscopic procedures at its facilities that she could have performed at her own office. *Id.* ¶¶ 19, 23. During that time period, Plaintiff had the ability to continue working in her own fully accredited ambulatory surgery center but chose not to, in reliance of Defendant's representations, leading her to "let staff go and close her office . . . and perform the procedures at WSGI's facility" instead. *Id.* ¶¶ 20, 98.

In August 2017, members of the Defendant's practice voted in favor of a mandatory retirement policy for members who reached 70 years of age. *Id.* ¶ 37. (Plaintiff does not allege that Defendant ever implemented this policy). Plaintiff, who is in her late sixties, claims that knowledge of her impending resignation limited the value of her shares, as other members refused to acquire her practice at market value, knowing that she would be forced to divest herself of her membership interest at the time of her retirement. *Id.* ¶ 45.

Plaintiff also alleges that she is paid less per procedure than her male colleagues, *id.* ¶¶ 24–25, and that Defendant refused to sell membership interests in excess of 2.78% to female physicians, *id.* ¶ 11.

II.   Procedural Background

On February 5, 2018, Plaintiff commenced an action (the "Prior Action") against WSGI

valuation." *Id.* Plaintiff alleges, however, that board members "never intended to increase [her] units when it made the agreement." *Id.* ¶ 15.

Prior to purchasing her interest in WSGI, and beginning to perform procedures at WSGI, Plaintiff performed endoscopic procedures in her New York office, "a competing [ambulatory surgical center]," which was fully accredited. *Id.* ¶¶ 9, 18, 98. Plaintiff states that for four to six months following the start of her relationship with Defendant, she was in a "transition period," while she obtained accreditation from the New York State Department of Health. *Id.* ¶ 19. Defendant promised to compensate Plaintiff for money lost during the transition period as a result of her performing endoscopic procedures at its facilities that she could have performed at her own office. *Id.* ¶¶ 19, 23. During that time period, Plaintiff had the ability to continue working in her own fully accredited ambulatory surgery center but chose not to, in reliance of Defendant's representations, leading her to "let staff go and close her office . . . and perform the procedures at WSGI's facility" instead. *Id.* ¶¶ 20, 98.

In August 2017, members of the Defendant's practice voted in favor of a mandatory retirement policy for members who reached 70 years of age. *Id.* ¶ 37. (Plaintiff does not allege that Defendant ever implemented this policy). Plaintiff, who is in her late sixties, claims that knowledge of her impending resignation limited the value of her shares, as other members refused to acquire her practice at market value, knowing that she would be forced to divest herself of her membership interest at the time of her retirement. *Id.* ¶ 45.

Plaintiff also alleges that she is paid less per procedure than her male colleagues, *id.* ¶¶ 24–25, and that Defendant refused to sell membership interests in excess of 2.78% to female physicians, *id.* ¶ 11.

II.   Procedural Background

On February 5, 2018, Plaintiff commenced an action (the "Prior Action") against WSGI

alleging federal and state claims arising from the Agreement.  Prior Action, 18 Civ. 1005, ECF No. 1; *see also* Prior Action, ECF No. 22 (amending complaint and adding causes of action under federal law).  On November 29, 2018, the Court adopted in its entirety the report and recommendation of the Honorable Stewart D. Aaron, and granted Defendant's motion to dismiss the second amended complaint for failure to state a claim and denied leave to amend as futile.  Prior Action, ECF No. 93.

Plaintiff commenced this action on January 31, 2019, *see* Compl., and appealed the Court's decision to dismiss the Prior Action on February 20, 2019, *see* Prior Action, ECF No. 97.  While the Prior Action was on appeal, Defendant moved to dismiss the complaint in this action on various grounds, including that it is duplicative of the Prior Action.  Def. Mem. at 1, 8–10, ECF No. 38.  On December 9, 2019 the Second Circuit affirmed this Court's conclusion that Plaintiff had failed to state a claim for which relief can be granted, but held that further amendment of the complaint was not necessarily futile.  *Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019).  The case was remanded to this Court, and on February 20, 2020, Plaintiff filed her third amended complaint in the Prior Action.  Prior Action Compl., ECF No. 103.

## DISCUSSION

Plaintiff's complaint must be dismissed as duplicative of the Prior Action.  "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal quotation marks and citation omitted).  "This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."  *Id.* (internal quotation marks and citation omitted).  "The

4

power to dismiss a duplicative lawsuit is meant to foster judicial economy" and "protect parties from the vexation of concurrent litigation over the same subject matter." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (internal quotation marks and citations omitted).

In order for the rule to be properly invoked, "the case must be the same." *Sacerdote*, 939 F.3d at 504 (internal quotation marks and citation omitted).  This means that "'there must be the same parties . . . ; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief must be the same.'"  *Id.* (alteration omitted) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).  "While the rule against duplicative litigation is distinct from claim preclusion, the former analysis borrows from the latter to assess whether the second suit raises issues that should have been brought in the first."  *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013) (internal quotation marks and citation omitted) (affirming district court's decision to dismiss False Claims Act action as duplicative of Title VII complaint "because claim preclusion does not require that all aspects of the new and prior suits be identical but rather, focuses on whether the two claims arise from the same nucleus of operative fact" (internal quotation marks and citation omitted)).

The rule is properly invoked here because the complaint in this lawsuit duplicates the claims set forth in the Prior Action—claims that have already been reviewed by this Court and the Second Circuit.  *See Sacerdote*, 939 F.3d at 504; *Compare* Compl. ¶ 3 *with* Prior Action Compl. ¶ 3.  A review of the third paragraph in each complaint is telling.  Although some of the words might be in a different order, the two paragraphs are substantively identical.  Each paragraph starts the same, noting that "[t]his is an action for violation of, *inter alia*," the ADA, EPA, Title VII, DTSA, New York State Human Rights Law, New York City Human Rights Law

§ 8-107, declaratory relief pursuant to 28 U.S.C. § 2201, violation of New York Labor Law § 198, breach of contract, fraud, deceptive business practices, unfair competition and tortious interference claims. *Compare* Compl. ¶ 3 *with* Prior Action Compl. ¶ 3.

Paragraph 3 is not the exception; the two complaints contain nearly identical paragraphs throughout. *Compare* Compl. ¶ 19 ("[Defendant] induced [Plaintiff] to begin performing endoscopic procedures at WSGI during the transition period, with Dr. Distler telling her on behalf of the [b]oard that she would be compensated so there would be no decrease in her income.") *with* Prior Action Compl. ¶ 42 ("[Defendant], however, induced [Plaintiff] to begin performing endoscopic procedures at WSGI during the transition period, with Dr. Distler telling her on behalf of the [b]oard that she would be compensated so there would be no decrease in her income."); *compare* Compl. ¶ 33 ("After [Defendant] purchased the Gould Practice in Autumn 2016, Dr. Distler, a younger male, began receiving a salary of $100,000/year for two years to 'run the Gould Practice,' which involved administrative duties at [Defendant] on a part-time basis." *with* Prior Action Compl. ¶ 63 ("After [Defendant] purchased the Gould Practice in Autumn 2016, Dr. Distler, a younger male doctor, began receiving a salary of $100,000/year for two years to perform . . . administrative duties at [Defendant] on a part-time basis related to the Gould Practice."); *compare* Compl. ¶ 43 ("The [o]perating [a]greement [Plaintiff] was given as part of the purchase agreement never contained any mandatory retirement terms or requirement that interests be alienated at the age of 70.") *with* Prior Action Compl. ¶ 92 ("The [o]perating [a]greement [Plaintiff] was given as part of the [m]embership [s]ubscription [a]greement never contained any mandatory retirement terms or requirement that interests be alienated at the age of 70.").

These two actions involve the same parties, the same rights and relief prayed for, and the

6

same facts.  *See Sacerdote*, 939 F.3d at 504.  Courts in this circuit routinely dismiss cases that are duplicative of pending actions.  *See, e.g.*, *Oliver v. New York State Police*, No. 19 Civ. 233, 2020 WL 1849484, at *7 (N.D.N.Y. Apr. 13, 2020) (dismissing plaintiff's Title VII hostile work environment, gender discrimination, and retaliation claims as duplicative where complaint relied upon all factual allegations pleaded in previous action's complaint); *Krakowski v. Am. Airlines, Inc.*, 610 B.R. 714, 718–719, 724 (S.D.N.Y. 2019), *appeal filed*, *In re: AMR Corporation,* No. 19-4378 (2d Cir. Dec. 30, 2019) (finding that plaintiffs' earlier filed action against union arising out of a collective bargaining agreement was "essentially the same claim [they] make in the instant matter," which involved the same agreement, and dismissing the later filed action as duplicative); *Torres v. City of New York*, No. 19 Civ. 6332, 2019 WL 6051550, at *4 (S.D.N.Y. Nov. 13, 2019), *appeal withdrawn*, No. 19-3878, 2019 WL 8012242 (2d Cir. Dec. 16, 2019) (dismissing action as duplicative and finding that "no useful purpose would be served by litigating claims in this action arising from events . . . that [p]laintiff has been litigating" in previous actions); *McFarlane v. Iron Mountain Info. Mgmt. Servs., Inc.*, No. 17 Civ. 9739, 2018 WL 941748, at *2–3 (S.D.N.Y. Feb. 16, 2018) (finding claim duplicative where it arose out of events occurring prior to the filing of a prior action), *appeal filed*, No. 18-840 (2d Cir. Mar. 28, 2018).

Because Plaintiff was granted leave to amend in the Prior Action, *see* Prior Action, ECF No. 100, she had the opportunity to cure any pleading defects in the Prior Action, *see Kairam*, 793 F. App'x at 28, and allege any facts or claims that she is alleging in this action.  For example, although Plaintiff refers to certain acts as both discriminatory and retaliatory in this action, *see* Compl. ¶ 64, she only describes as discriminatory in the Prior Action, *see* Prior Action Compl. ¶ 102.  Such claims remain duplicative, however, because they could have been

asserted in the Prior Action Compl.  *McFarlane*, 2018 WL 941748, at *2–3.  Therefore, the Court, in its discretion, and "because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," dismisses Plaintiff's complaint as wholly duplicative of the Prior Action.  *Sacerdote*, 939 F.3d at 504 (internal quotation marks and citation omitted).

Accordingly, Defendant's motion to dismiss is GRANTED without prejudice as to the claims asserted in the Prior Action.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 36 and close this case.

SO ORDERED.

Dated: July 20, 2020
　　　　New York, New York

_____
ANALISA TORRES
United States District Judge