UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIRA KAIRAM, M.D.,

                Plaintiff,

-against-

WEST SIDE GI, LLC,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/2021
```

19 Civ. 953 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On July 20, 2020, the Court granted Defendant's motion to dismiss Plaintiff's complaint (the "Order"). ECF No. 47. Plaintiff now moves for reconsideration of the Order. For the reasons stated below, Plaintiff's motion is DENIED.

"Local Rule 6.3 permits a party to move for reconsideration based on matters or controlling decisions which counsel believes the court has overlooked." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks and citation omitted); *see also Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. "A motion for reconsideration is neither an opportunity to advance new facts or arguments nor to reiterate arguments that were previously rejected." *M.K.B. v. Eggleston*, No. 05 Civ. 10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006). "Rather, the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake." *Id.*

Plaintiff's motion for reconsideration must be denied because she has not raised any facts or caselaw that were not previously considered by the Court. *See Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003) ("[Plaintiff] has failed to put forward any controlling decisions or factual matters that were placed before the Court when it determined that the complaint should be dismissed. On these grounds alone, the motion must be denied."). Additionally, her motion must be denied because she attempts to raise new arguments about a deficient pleading not before the Court. *Eggleston*, 2006 WL 3230162, at *1.

First, Plaintiff reiterates prior arguments that the Court previously rejected. Plaintiff contends that her allegations in this action include new causes of action that she did not raise in

her first action.[1]  Pl. Mem. at 1, ECF No. 48-1.  The Court held that Plaintiff's new allegations could have been brought in that action, where she had the opportunity to cure any pleading defects.  Order at 7–8; *see, e.g.*, *Oliver v. New York State Police*, No. 19 Civ. 233, 2020 WL 1849484, at *7 (N.D.N.Y. Apr. 13, 2020) (dismissing plaintiff's Title VII hostile work environment, gender discrimination, and retaliation claims as duplicative where complaint relied upon all factual allegations pleaded in previous action's complaint).

Second, the Court disagrees that it should have considered Plaintiff's deficiently-filed amended complaint when ruling on Defendant's motion to dismiss her original complaint.  Defendant moved to dismiss Plaintiff's original complaint, ECF No. 36, and the parties fully briefed that motion.  ECF Nos. 38, 40, 45.  Additionally, Plaintiff's amended complaint was never before this Court because it was not accepted for filing.  9/27/2019 Docket Entry ("The filing is deficient for the following reason(s): Court's leave has not been granted.").  Plaintiff failed to refile her amended complaint, cure the stated deficiency, or object to the rejection of her amended complaint.  *See generally* ECF Nos. 41–46.  Nor did she raise her deficient pleading in her opposition to Defendant's motion to dismiss.  *See* Pl. Mem. in. Opp'n, ECF No. 40.  Therefore, her deficient pleading was not and is not properly before this Court.  *See Wilmington Sav. Fund Soc'y, FSB v. Thomson*, No. 18 Civ. 3107, 2020 WL 4350579, at *1, *3 (S.D.N.Y. July 29, 2020) (failing to consider a deficiently-filed pleading and ordering the plaintiff to refile it); *Sterling v. Deutsche Bank Nat'l Tr. Co. as Tr. for Femit Tr. 2006-FF6, Mortg. Pass Through Certificates, Series 2006-F6*, No. 19 Civ. 205, 2019 WL 4199976, at *2 (S.D.N.Y. Sept. 5, 2019) ("[B]y neglecting to cure their filing deficiencies and properly submit their motion to dismiss by the court-imposed February 8 deadline, Defendants failed to timely file their motion.").

Therefore, for the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 48.  By **January 22, 2021**, Plaintiff shall file her amended complaint.

SO ORDERED.

Dated: January 8, 2021
  New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] On February 5, 2018, Plaintiff brought an action raising a variety of federal and state claims arising from a contract dispute between her and Defendant.  *Kairam v. West Side GI LLC*, No. 18 Civ. 1005 (S.D.N.Y. Feb. 5, 2018), ECF No. 1.