USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/2021

RYAN SESTACK
RSESTACK@GRSM.COM

JEFFREY CAMHI
JCAMHI@GRSM.COM

CHRISTOPHER COYNE
CCOYNE@GRSM.COM

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

March 31, 2021

**VIA ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Kairam v. West Side GI, LLC*
               **Civil Action Numbers: 19-CV-953 (AT) and 20-CV-9141 (AT)**

Dear Judge Torres:

      I am an attorney with the offices of Gordon Rees Scully Mansukhani, LLP, counsel for defendant West Side GI, LLC ("WSGI") in the matter styled *Indira Kairam, M.D. v. WestSide GI, LLC*, 19-CV-953 (the "2019 Action") and defendants Dr. Peter Distler and Dr. Ricardo Pou in the matter styled *Indira Kairam, M.D. v. Peter Distler, M.D. and Ricardo E. Pou, M.D.*, 20-CV-9141 (the "2020 Action"). Defendants in both matters write to respectfully request that the deadline to respond in both cases be adjourned *sine die*, pending resolution of Defendants' anticipated motion to consolidate the 2019 Action, the 2020 Action, and a third matter filed by the same plaintiff in 2018, styled *Indira Kairam, M.C. v. West Side GI, LLC*, 18-CV-1005 (the "2018 Action").

      As the Court is aware, on October 30, 2020, Plaintiff filed the Complaint in the 2020 Action. On January 22, 2021, Plaintiff filed her Amended Complaint in the 2019 Action. The operative complaints in both actions contain many of the same allegations that Plaintiff sets forth in her initial filing, the 2018 Action.

      WSGI previously filed a motion to dismiss the 2018 Action. That motion was then referred to Magistrate Judge Aaron for a Report & Recommendation (the "R&R"). On November 3, 2020, Magistrate Judge Aaron issued the R&R, to which both parties objected. As those objections were pending, Defendants requested, and the Court granted, an initial extension of time to respond to the 2019 Action and the 2020 Action – until 20 days following a final decision on WSGI's then-pending motion to dismiss the 2018 Action. Defendants also noted in their application that following a determination on their pending motion, they anticipated moving to consolidate any

surviving claims into a single action, to promote judicial economy and avoid the possibility of inconsistent judgments among the three related cases.

On March 12, 2021, Your Honor issued a final determination concerning the parties' objections to the R&R in the 2018 Action, and granted plaintiff leave to amend certain claims in that pleading once more, until March 26, 2021. On March 27, 2021, plaintiff filed her Fourth Amended Complaint in the 2018 Action (Docket No. 138), but it was rejected by the clerks' office due to the inclusion of additional claims and causes of action that were beyond the leave granted by the Court's prior Order.

Today, March 31, 2021, the parties appeared for a telephone conference with Magistrate Judge Aaron to discuss the status of the 2018 Action, the clerk's rejection of plaintiff's new pleading, and how to proceed with the two related matters, specifically the 2019 Action and the 2020 Action. Magistrate Judge Aaron informed the parties that only the 2018 Action had been referred to him for general pre-trial matters and thus any application concerning the related cases, including the instant extension request, should be addressed to Your Honor. The parties then discussed the clerks' rejection of plaintiff's Fourth Amended Complaint, based on the inclusion of new causes of action. Plaintiff informed the Court that these additional claims were, in fact, related to the 2019 Action. The parties then addressed the possibility of consolidating all three matters into a single proceeding, in an effort to streamline motion practice, discovery, and avoid the possibility of inconsistent judgments. Magistrate Judge Aaron then set a briefing schedule for Defendants' motion to consolidate, which is currently due on April 20, 2021.

Given the significant overlap between the operative complaints in the 2018 Action, the 2019 Action, and the 2020 Action, the duplicative discovery, responsive pleadings, and motion practice that will occur in all three cases, and the fact that plaintiff has already attempted to include claims from the 2019 Action in her operative pleading for the 2018 Action, Defendants' anticipated motion for consolidation is very strong and, we believe, offers the most efficient and effective method of litigating these related cases. In addition, the requested extension would also prevent Defendants from incurring unnecessary costs in preparing responses in the 2019 Action and 2020 Action, which would be largely duplicative of their response in the 2018 Action. As such, Defendants respectfully request that their deadline to file a response to the complaints in the 2019 Action and the 2020 Action be adjourned until after resolution of Defendants' motion to consolidate. Should consolidation be granted, the parties could then resolve the pending issues related to plaintiff's Fourth Amended Complaint in the 2018 Action, to which Defendants' could respond with a single filing.

GRANTED in part, DENIED in part. WSGI shall respond to the amended complaint in Case No. 19 Civ. 953 and Drs. Distler and Pou shall respond to the complaint in Case No. 20 Civ. 9141 20 days after WSGI's motion to consolidate in Case No. 18 Civ. 1005 is resolved.

SO ORDERED.

Dated: April 1, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge